UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
            Plaintiff,          )
                                )
       v.                       )  CRIMINAL NO. 04-10054-NG
                                )
GARY MILO,                      )
            Defendant.          )

### UNITED STATES' MOTION FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE AND A MONEY JUDGMENT

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture and Money Judgment in the above-captioned case pursuant to Title 21, United States Code, Section 853, and Rule 32.2(b)(1), (c)(1), and (e) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture and Money Judgment is submitted herewith. In support thereof, the United States sets forth the following:

    1.  On or about February 17, 2004 a one-count Information was filed charging the defendant Gary Milo (the "Defendant") with the following violation: Conspiracy to Possess With Intent To Distribute and to Distribute Marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 21 U.S.C. §846 (Count One).

    2.  The Information also contained a Criminal Forfeiture Allegation, in which, as a result of the Defendant's commission of the offense alleged in Count One of the Information, and pursuant

to 21 U.S.C. §853, sought the forfeiture of: (1) any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and/or to facilitate the charged offenses.

    3.   On or about April 29, 2004, the Defendant, pursuant to a written plea agreement, entered a plea of guilty to Count One of the Information.  In the plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853.

    4.   At the time of charging Information, the United States charged the Defendant with 1,000 kilograms of marijuana. Pursuant to the Plea Agreement, Defendant admitted responsibility for between 1,000 kilograms to 3,000 kilograms of marijuana. Subsequently, based on additional information obtained by the Government, the United States has learned the total amount of marijuana for which the Defendant is responsible under the conspiracy to which the Defendant has plead guilty is approximately 5,034 kilograms of marijuana.  One kilogram is equal to 2.2 pounds.  Therefore, approximately 5,034 kilograms of marijuana is equal to approximately 11,075 pounds of marijuana.

    5.   Based on the training and experience of United States Drug Enforcement Administration Special Agent Gregg A. Willoughby

("Special Agent Willoughby"), the case agent, the price of marijuana charged by the Defendant during the conspiracy varied between $900 to $1,000 per pound. Taking the low end, $900 per pound, the total proceeds earned by the Defendant during the conspiracy are $9,967,500. Based on the Defendant's guilty plea and conviction on Count One, and the Criminal Forfeiture Allegation of the Information, pursuant to 21 U.S.C. §853, the United States is now entitled to forfeit from the Defendant $9,967,500, or substitute assets in a value up to $9,967,500.

6. In this case, the Government has shown that the Defendant received $9,967,500, as proceeds of the offense charged in Count One of the Information to which the Defendant has pled guilty. The Government has attempted to locate these funds, but has been unable to do so.

7. The United States had identified $650,000 in cash as directly forfeitable. Specifically, (1) $150,000 in drug proceeds that the Defendant transferred to one of his relatives, believed to be his sister, Sandra Milo, (2) $100,000 in drug proceeds the Defendant transferred to another relative, believed to be another sister of the Defendant, (3) $100,000 in cash currently in the Defendant's possession, and (4) $300,000 in various checking accounts controlled by the Defendant. If received, this $650,000 United States Currency will then be used to reduce the money judgment.

8.   By virtue of the Defendant's guilty plea and conviction, and the Criminal Forfeiture Allegation of the Information, the United States is now entitled to the forfeiture of $9,967,500, or substitute assets in an amount up to the value of $9,967,500 to satisfy the money judgment.   See Rule 32.2(b)(2); 18 U.S.C. §1963(m) and 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

9.   An order of forfeiture may take several forms, including an order for a money judgment, directly forfeitable property, and substitute assets.  The entry of an Order of Forfeiture in the form of a money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.  See United States v. Hall, 2006 WL 60959, *10 (1st Cir. Jan 12, 2006) (holding that a money judgment for the total value of the ill-gotten proceeds is appropriate regardless whether the proceeds of the defendant's crime are still in his possession.).  Such orders of forfeiture are commonplace.  In this case, the United States is entitled to a money judgment for $9,967,500.

10.  Therefore, the Court may enter a Preliminary Order of Forfeiture and Money Judgment in the amount of $9,967,500, pursuant to 21 U.S.C. §853.  The Government reserves the right to conduct additional discovery to locate additional forfeitable assets to satisfy the Money Judgment.

11.  This Court's jurisdiction in this matter is founded upon

21 U.S.C. §853(a), which provides that, with respect to any person convicted of drug offense punishable by imprisonment for more than one year:

> [t]he Court, in imposing sentence..., shall order...that the person forfeit to the United States all property described in this subsection.

12. Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provide that as soon as is practicable after entering a guilty verdict on any count on which forfeiture is sought in an indictment, the Court shall determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture. The Defendant is responsible for approximately $9,967,500 in conspiracy proceeds. By virtue of the Defendant's guilty plea and conviction, the United States is entitled the forfeiture of $9,967,500 or substitute assets in that amount. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the Defendant and shall be made part of the sentence and included in the judgment.

13. In accordance with the provisions of 21 U.S.C. §853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, including substitute assets.

14. In the event that additional assets are identified which

are subject to forfeiture either directly or pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982, the United States will seek an amended Preliminary Order of Forfeiture.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture and Money Judgment of $9,967,500 in the form submitted herewith.

                                      Respectfully submitted,
                                      MICHAEL J. SULLIVAN
                                      United States Attorney,

                                      <u>/s/ Jennifer H. Zacks</u>
                                      RACHEL E. HERSHFANG
                                      JENNIFER H. ZACKS
                                      Assistant U.S. Attorneys
                                      United States Courthouse
                                      Suite 9200
                                      1 Courthouse Way
                                      Boston, MA 02210
Date: 2/7/06                      (617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document(s) have been filed through the Electronic Court Filing System and also have been sent by first class mail and facsimile to Robert L. Sheketoff, Esquire, One McKinley Square, Boston, MA 02109 on February 7, 2006.

                                      <u>/s/Jennifer H. Zacks</u>
                                      Jennifer H. Zacks
                                      Assistant U.S. Attorney

Dated: 2/7/06