UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )   CRIMINAL NO.  04-10054-NG
                              )
GARY MILO,                    )
          Defendant.          )

### UNITED STATES' SECOND MOTION TO
### AMEND THE PRELIMINARY ORDER OF FORFEITURE

   The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court amend the Preliminary Order of Forfeiture, issued on March 6, 2006, in accordance with Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982, and Rule 32.2 of the Federal Rules of Criminal Procedure.  Since the filing of the Government's original Motion to Amend Preliminary Order of Forfeiture, an additional forfeitable substitute asset has been discovered. Therefore the Amended Motion filed on March 16, 2006 is moot, and the United States seeks the amendment of the Preliminary Order of Forfeiture to include all the assets listed in this motion and the attached proposed order.  In support thereof, the United States sets forth the following grounds:

   1.   On or about February 17, 2004 a one-count Information was filed charging the defendant Gary Milo (the "Defendant") with the following violation: Conspiracy to Possess With Intent To Distribute and to Distribute Marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section

841(a)(1) and 21 U.S.C. §846 (Count One).

2. The Information also contained a Criminal Forfeiture Allegation, in which, as a result of the Defendant's commission of the offense alleged in Count One of the Information, and pursuant to 21 U.S.C. §853, the United States sought the forfeiture of: (1) any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and/or to facilitate the charged offenses and any property traceable to such property.

3. On or about April 29, 2004, the Defendant, pursuant to a written plea agreement, entered a plea of guilty to Count One of the Information. In the plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853.

4. On February 7, 2006, the United States filed a Motion for Issuance of a Preliminary Order of Forfeiture and Money Judgment. On March 6, 2006, the Order was granted by the Court, allowing a money judgment against the Defendant in the amount of $9,967,500.

5. In addition, under the Court's order and pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982, the United States is entitled to forfeiture of any other property of the Defendant up to the value of the Money Judgment, $9,967,500, granted on March 6, 2006, based on the Forfeiture Allegation of the

Plea Agreement.

6. In its Preliminary Order of Forfeiture, the Court permitted the United States to conduct discovery to facilitate the identification and location of any and all assets subject to forfeiture pursuant to the provisions of 21 U.S.C. §853(m) and (p), as incorporated by 18 U.S.C. §982, and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. In the event that forfeitable assets were identified, the Order stated that the United States could seek an amended Preliminary Order of Forfeiture and conduct ancillary proceedings.

7. The United States has identified certain real properties that it believes are forfeitable as substitute assets in connection with this criminal case, and hereby seeks a Second Amended Preliminary Order of Forfeiture, specifically naming these properties as forfeitable. These include the following real properties:

- (A) **3414 Dover Road, Pompano Beach, Florida**, more fully described in Book 37531 Page 1406 of Broward County as Lot 19, Block 6, of Hillsboro Shore Section A, according to the Plat therefor a recorded in Plat Book 21, Page 14 of the Public Records of Broward County, Florida;

- (B) **1194 N Ocean Blvd, Units 54 and 55, Hillsboro Beach, Florida**, in Book 38077 Page 1421 of Broward County as UNIT 54: Commencing at the intersection of the north line of the south 300 feet of the north 2500 feet of government lot 1, section 8, township 48 south, range 43 east and the easterly right-of-way line of the intracoastal waterway; thence due east along the said north line, a distance of 4107.30 feet; thence due south, a

distance of 23.00 feet to the point of beginning; thence south 02 11'00" west, a distance of 61.72 feet; thence south 04 433'39" east, a distance of 12.37 feet; thence due east, a distance of 31.045 feet; thence due north a distance of 74.00 feet; thence due west along a line 23.00 feet south of and parallel with the said north line, a distance of 29.71 feet to the point of beginning.

Together with:

UNIT 55: Commencing at the Intersection of the north line of the south 300.00 feet of the north 2500.00 feet of government lot 1, section 8, township 48 south, range 43 east and the easterly right-of way line of the intracostal waterway thence due east along the said north line a distance of 137.01 feet; thence due south, a distance of 23.00 feet the point of beginning; thence continuing due south, a distance of 74.00 feet; thence due east, a distance of 18.00 feet; thence due north, a distance of 74.00 feet; thence due west, along a line of 23.00 feet south of and parallel with the said north line, a distance of 18.00 feet to the point of beginning;

(C) **3101 Ocean Boulevard, Unit 124, Highland Beach Florida**, more fully described in Book 19521 Page 0584 of Palm Beach County as Condominium parcel 124, penthouse towers, a condominium, according to the declaration of condominium recorded in official records book 1838, pages 1899 through 1965, inclusive public records of Palm Beach County, Florida, as amended;

(D) **410 N Federal Highway, Lake Worth, Florida**, more fully described in Book 19189 page 0833 of Palm Beach County as Lot 3, Less the west 5 feet for road of way, block 106, Townsite of Lucerne (now known as Lake Worth), according to the Plat thereof, recorded in Plat Book 2, Page 29, of Public Records of Palm Beach County, Florida;

(E) **561 NE 15 Avenue, Fort Lauderdale, Florida**, more fully described in Book 37678 Page 1467 of Broward County as Lot, 6, Block 1, Las Olas Park corrected, according to the Plat thereof, as recorded in Plat Book 6, Page 12, of the Public Records of Broward

County, Florida;

(F) **825 NE 17 Ter, Fort Lauderdale, Florida**, more fully described in Book 37414 Page 1728 of Broward County as Lot 5, Block 239, progresso, according to the plat thereof, as recorded in plat book 2, page 18, of the public records of Dade County Florida; said lands situate, lying and being in Broward County, Florida;

(G) **855 NE Ter, Fort Lauderdale, Florida**, more fully described in Book 37414 page 1726 of Broward County as Lots 3 and 4, in block 239, of progresso, according to the plat thereof, as recorded in plat book 2, at page 18, of the public records of Dade County, Florida, said lands situated, lying and being in Broward County, Florida;

(H) **1167 Hillsboro Mile, Unit #706, Hillsboro Beach, Florida**, more fully described in Book 37289 Page 472 of Broward County as Condominium Unit No. 706 of Overlook, a condominium according to the Declaration thereof and the Exhibits and attachments thereto as recorded in Official Record Book 15524, Page 850 of the Public Records of Broward County, Florida;

(I) **1167 Hillsboro Mile, Unit # 603, Hillsboro Beach, Florida**, more fully described in Book 39216 Page 659 of Broward County as Unit 603 of Overlook, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 15524, Page 850 of the Public records of Broward County, Florida;

(J) **1167 Hillsboro Mile, Unit Boat Slip N-6, Hillsboro Beach, Florida**, more fully described in Book 38477 Page 879 of Broward County as boat slip #N-6 of Overlook docks at Overlook condominium, located at: 1167 Hillsboro Mile, Hillsboro Beach, as recorded in Official Records Book 15524, page 850 of the Public Records of Broward County, Florida;

(K) **1821 Harding Street, Hollywood, Florida**, more fully described in Book 37829 Page 738 of Broward County as Lot 13, block D, Hollywood Estates, according to the plat thereof, as recorded in plat book 15, at

       page 57 of the public records of Broward County, Florida;

(L) **2142 Montana Pine Drive, Henderson, Nevada**, more fully described in Book 20040513 Page 0001062 of Clark County as Lot one hundred sixty-three (163) in block six (6) of final map of sunridge summit heights, a planned development and common interest community as shown by map thereof fil in book 113 of plats, page 98 in the office of the county recorder office, Clark County, Nevada; and

(M) **1717 North Bayshore Drive, Unit 4141, Miami, Florida**, more fully described in Book 23993 Page 2864 of Miami-Dade County as Unit No. PHB-4141 of THE GRAND, a Condominium, formerly known as VENETIA THE CONDOMINIUM, a Condominium, according to The Declaration of Condominium recorded in O. R. Book 12917, Page 280, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.

Accordingly, the United States now seeks to amend the Preliminary Order of Forfeiture previously issued by this Court on March 6, 2006 to include the above-listed properties as substitute assets pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982.

WHEREFORE, the United States respectfully moves that this Court enter an Amended Preliminary Order of Forfeiture in the form submitted herewith.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney


By: /s/ Jennifer H. Zacks
    RACHAEL HERSHFANG
    JENNIFER H. ZACKS
    Assistant U.S. Attorneys
    1 Courthouse Way, Suite 9200
    Boston, Massachusetts 02210
    (617) 748-3100

Date: April 25, 2006

**CERTIFICATE OF SERVICE**

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing United States' Motion to Amend Preliminary Order of Forfeiture, as well as a proposed Amended Preliminary Order of Forfeiture, were filed by the Electronic Court Filing System (ECF) and were served upon Robert L. Sheketoff, Esquire, One McKinley Square, Boston, MA 02109, as Counsel for the Defendant, Gary J. Milo.

                                              /s/ Jennifer H. Zacks
                                              Jennifer H. Zacks
                                              Assistant U.S. Attorney

Date: April 25, 2006