UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-10054-NG |
| | ) |
| GARY MILO, | ) |
| Defendant. | ) |

**AMENDED PRELIMINARY ORDER OF FORFEITURE**

**GERTNER, D.J.:**

WHEREAS, on or about February 17, 2004 a one-count Information was filed charging the defendant Gary Milo (the "Defendant") with the following violation: Conspiracy to Possess With Intent To Distribute and to Distribute Marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 21 U.S.C. §846 (Count One);

AND WHEREAS, the Information also contained a Criminal Forfeiture Allegation, in which, as a result of the Defendant's commission of the offense alleged in Count One of the Information, and pursuant to 21 U.S.C. §853 the United States sought the forfeiture of: (1) any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit and/or to facilitate the charged offenses and any property traceable to such property;

AND WHEREAS, on or about April 29, 2004, the Defendant,

pursuant to a written plea agreement, entered a plea of guilty to Count One of the Information. In the plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture, pursuant to 21 U.S.C. §853;

AND WHEREAS, on February 7, 2006, the United States filed a Motion for Issuance of a Preliminary Order of Forfeiture and Money Judgment. On March 6, 2006, the Order was granted by the Court, allowing a money judgment against the Defendant in the amount of $9,967,500;

AND WHEREAS, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982, the United States is entitled to forfeiture of any other property of the Defendant up to the value of the money judgement, $9,967,000, based on the Forfeiture Allegation of the Preliminary Order of Forfeiture and Money Judgment, which sought the forfeiture of substitute assets;

AND WHEREAS, in its Preliminary Order of Forfeiture, the Court ordered that the United States was entitled to conduct discovery in order to facilitate the identification and location of any and all assets, or substitute assets, subject to forfeiture pursuant to the provisions of 21 U.S.C. §853(m) and (p), as incorporated by 18 U.S.C. §982, and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, and the Order also stated that the United States would seek an amended Order and conduct ancillary proceedings in the event that substitute assets were identified;

AND WHEREAS, the United States has identified certain other

real properties of the Defendant, in connection with this criminal case;

AND WHEREAS, the United States has identified certain other properties that it believes are forfeitable as substitute assets in connection with this criminal case, and hereby seeks the forfeiture of the following real properties:

**3414 Dover Road, Pompano Beach, Florida**, more fully described in Book 37531 Page 1406 of Broward County as Lot 19, Block 6, of Hillsboro Shore Section A, according to the Plat therefor a recorded in Plat Book 21, Page 14 of the Public Records of Broward County, Florida;

**1194 N Ocean Blvd, Units 54 and 55, Hillsboro Beach, Florida**, in Book 38077 Page 1421 of Broward County as UNIT 54: Commencing at the intersection of the north line of the south 300 feet of the north 2500 feet of government lot 1, section 8, township 48 south, range 43 east and the easterly right-of-way line of the intracoastal waterway; thence due east along the said north line, a distance of 4107.30 feet; thence due south, a distance of 23.00 feet to the point of beginning; thence south 02 11'00" west, a distance of 61.72 feet; thence south 04 433'39" east, a distance of 12.37 feet; thence due east, a distance of 31.045 feet; thence due north a distance of 74.00 feet; thence due west along a line 23.00 feet south of and parallel with the said north line, a distance of 29.71 feet to the point of beginning.

Together with:

UNIT 55: Commencing at the Intersection of the north line of the south 300.00 feet of the north 2500.00 feet of government lot 1, section 8, township 48 south, range 43 east and the easterly right-of way line of the intracostal waterway thence due east along the said north line a distance of 137.01 feet; thence due south, a distance of 23.00 feet the point of beginning; thence continuing due south, a distance of 74.00 feet; thence due east, a distance of 18.00 feet;

thence due north, a distance of 74.00 feet; thence due west, along a line of 23.00 feet south of and parallel with the said north line, a distance of 18.00 feet to the point of beginning;

**3101 Ocean Boulevard, Unit 124, Highland Beach Florida**, more fully described in Book 19521 Page 0584 of Palm Beach County as Condominium parcel 124, penthouse towers, a condominium, according to the declaration of condominium recorded in official records book 1838, pages 1899 through 1965, inclusive public records of Palm Beach County, Florida, as amended;

**410 N Federal Highway, Lake Worth, Florida**, more fully described in Book 19189 page 0833 of Palm Beach County as Lot 3, Less the west 5 feet for road of way, block 106, Townsite of Lucerne (now known as Lake Worth), according to the Plat thereof, recorded in Plat Book 2, Page 29, of Public Records of Palm Beach County, Florida;

**561 NE 15 Avenue, Fort Lauderdale, Florida**, more fully described in Book 37678 Page 1467 of Broward County as Lot, 6, Block 1, Las Olas Park corrected, according to the Plat thereof, as recorded in Plat Book 6, Page 12, of the Public Records of Broward County, Florida;

**825 NE 17 Ter, Fort Lauderdale, Florida**, more fully described in Book 37414 Page 1728 of Broward County as Lot 5, Block 239, progresso, according to the plat thereof, as recorded in plat book 2, page 18, of the public records of Dade County Florida; said lands situate, lying and being in Broward County, Florida;

**855 NE Ter, Fort Lauderdale, Florida**, more fully described in Book 37414 page 1726 of Broward County as Lots 3 and 4, in block 239, of progresso, according to the plat thereof, as recorded in plat book 2, at page 18, of the public records of Dade County, Florida, said lands situated, lying and being in Broward County, Florida;

**1167 Hillsboro Mile, Unit #706, Hillsboro Beach, Florida**, more fully described in Book 37289 Page 472 of Broward County as Condominium Unit No. 706 of Overlook, a condominium according to the

Declaration thereof and the Exhibits and attachments thereto as recorded in Official Record Book 15524, Page 850 of the Public Records of Broward County, Florida;

**1167 Hillsboro Mile, Unit # 603, Hillsboro Beach, Florida**, more fully described in Book 39216 Page 659 of Broward County as Unit 603 of Overlook, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 15524, Page 850 of the Public records of Broward County, Florida;

**1167 Hillsboro Mile, Unit Boat Slip N-6, Hillsboro Beach, Florida**, more fully described in Book 38477 Page 879 of Broward County as boat slip #N-6 of Overlook docks at Overlook condominium, located at: 1167 Hillsboro Mile, Hillsboro Beach, as recorded in Official Records Book 15524, page 850 of the Public Records of Broward County, Florida;

**1821 Harding Street, Hollywood, Florida**, more fully described in Book 37829 Page 738 of Broward County as Lot 13, block D, Hollywood Estates, according to the plat thereof, as recorded in plat book 15, at page 57 of the public records of Broward County, Florida; and

**2142 Montana Pine Drive, Henderson, Nevada**, more fully described in Book 20040513 Page 0001062 of Clark County as Lot one hundred sixty-three (163) in block six (6) of final map of sunridge summit heights, a planned development and common interest community as shown by map thereof fil in book 113 of plats, page 98 in the office of the county recorder office, Clark County, Nevada; (the "Substitute Assets")

pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982.

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED:

1. The United States' Motion to Amend Preliminary Order of Forfeiture is ALLOWED.

2. As a result of the offenses alleged in the Information for which the Defendant has been convicted, and pursuant to 21

U.S.C. §853(p), as incorporated by 18 U.S.C. §982, and Rule 32.2 of the Federal Rules of Criminal Procedure, the Substitute Assets, in an amount up to the value of the $9,967,000, is subject to forfeiture to the United States. In addition, if as the result of any act or omission of the Defendant, the Substitute Assets are unavailable for forfeiture, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the $9,967,000, pursuant to 21 U.S.C. 853(p), as incorporated by 18 U.S.C. 982.

3. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Substitute Assets, and an amount up to the value of the $9,967,000 are hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. §853, as incorporated by 18 U.S.C. §982.

4. The Substitute Assets are to be seized and held by the United States Marshals Service in its secure custody and control.

5. Pursuant to 21 U.S.C. §853(n), as incorporated by 18 U.S.C. §982, the United States Marshals Service shall take any other appropriate steps, pursuant to the applicable provisions of 21 U.S.C. §853, as incorporated by 18 U.S.C. §982, to seize, forfeit, and dispose of the aforementioned Substitute Assets, in an amount up to the value of the $9,967,000, giving notice as required by law.

6. Pursuant to 21 U.S.C. §853(n)(1), as incorporated by 18 U.S.C. §982, the United States Marshals Service shall publish at

least once for three successive weeks in the <u>Boston Herald</u>, or any other newspaper of general circulation in the District in which the Substitute Assets are located, notice of this Order and of the intent of the United States to dispose of the forfeited Substitute Assets, in an amount up to the value of the $9,967,000, in such manner as the Attorney General may direct.

7. Pursuant to 21 U.S.C. §853(n)(1), as incorporated by 18 U.S.C. §982, the United States Marshals Service shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Substitute Assets to be forfeited.

8. Pursuant to 21 U.S.C. §853(n)(2) and (3), as incorporated by 18 U.S.C. §982, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Substitute Assets shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Substitute Assets; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Substitute Assets, the time and circumstances of the petitioner's acquisition of the

right, title, or interest in the Substitute Asset, any additional facts supporting the petitioner's claim, and the relief sought.

9. Pursuant to 21 U.S.C. §853(n)(6) and (7), as incorporated by 18 U.S.C. §982, following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2), as incorporated by 18 U.S.C. §982, for the filing of such petitions, the United Substitute Assets, in an amount up to the value of the $9,967,000.

10. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n), as incorporated by 18 U.S.C. §982, in which all interests will be addressed.

11. This Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

_____
NANCY GERTNER
United States District Judge

Dated: 4/25/06